3230365, the people of the state of Illinois, Appalee, versus Quentin E. Nance, Appellant. Thank you. Good afternoon. Ms. Surya Narayanan, are you ready? Yes, thank you. Thank you. May it please the court. Good afternoon. I'm Surya Narayanan, Appellant Defender at the Office of the State Appellant Defender. I represent Mr. Quentin Nance, the defendant in this appeal. Following a stipulated bench trial, Mr. Nance was convicted of driving while license revoked under Section 6303A of the Illinois Vehicle Code. Before this court, Mr. Nance makes one argument, that his conviction under 6303 violates the Proportionate Penalties Clause of the Illinois Constitution because another provision of the Vehicle Code, 6210, contains identical elements to 6303, yet the provisions carry different penalties. 6303 contains two elements, driving a motor vehicle on the highway in the state while being revoked in Illinois. 6210 contains the same elements. It prohibits drivers whose licenses are revoked from operating a motor vehicle on the highways of the state. In the trial court below and in this appeal, the state argued that 6303 carries an additional element of driving on the highways of the state, while 6210 applies throughout the state, including private and semi-private areas. However, the legislator clearly intended to limit 6210 to public highways. The definition of revocation is the termination of a person's license or privilege to operate a vehicle on the public highways. Essentially, the status of being revoked means that you cannot drive on a public highway, and therefore, 6210 is limited to public highways as revocation does not apply to private or semi-private roads. May I ask a question? Are there any published opinions where 6210 has been used as an offense, petty or otherwise? No, Your Honor. There's no published opinions where 6210 was charged and someone was convicted of 6210 as an offense. However, our argument is that there is a possibility for someone to be charged under 6210, and 6210 carries identical elements to 6303. So, there is a problem where for the same conduct, a person can be charged under 6210 and 6303, yet be penalized in different ways depending on what they were charged with. Well, what do you say about all those cases that seem to suggest that 6210 really is a mechanism to explain the circumstances under which a 6303 offense can go forward where there's an out-of-state license involved? Your Honor, our argument is that 6210 and 6303 are separate offenses. There's no reference to 6303 and 6210, and there's no reference to 6210 from 6303. So, there's no indication that these offenses are related to one another or that 6210 essentially directs people to 6303. Moreover, 6210 is very clearly prohibiting a specific conduct within it, and by saying the act of driving, by saying any resident or non-resident whose driver's license to operate a motor vehicle in the state has been revoked in this act shall not operate a motor vehicle in the state. This is very clearly prohibiting a specific conduct. If you're revoked in Illinois, then you cannot drive upon the public highways. There's no advisory language in the statute. There's no information about how you can obtain a license after being revoked, such as through 6208 or driver's license combat. So, it's clear just from the language of 6210 and the fact that 6210 and 6303 don't necessarily relate to one another, at least from the text of both of the statutes, that these two statutes are both penalty provisions that are prohibiting the same conduct. And to kind of go further on that point, there's also some indications that the Secretary of the State and the Illinois Administrative Code have listed 6210 as a separate offense from 6303, and there are some individuals who have been charged in Will County and Cook County under 6210. So, 6210 has been interpreted and treated as an offense in Illinois, so we cannot say that it's not a penalty for driving, but it is a separate offense from 6303. And to kind of circle back to what I was talking about on that 6210 and 6303 and contain identical elements, the state's argument is that 6210 is limited to, is expanded to throughout the state, whereas 6303 is limited to the public highways. I would like to note that to apply 6210 throughout Illinois would render absurd results, such as an individual being charged under 6210 for riding a lawnmower in their yard, or using a golf cart, or driving a go-kart at Six Flags. And as we've seen in Erickson, the legislature knows the appropriate language to use to apply a statute to semi-private areas and beyond the public highways, and that language is elsewhere throughout the state. The legislature did not use that language in 6210, indicating that 6210 is only limited to public highways and not to all of Illinois. And to kind of further speak on Erickson, DUIs can contain carry-specific public safety concerns, and so expanding the DUI statute to semi-private areas is logical due to the threat that DUIs pose to the general public. For 6210, there's not that same inherent public safety concerns that would make it clear, there's not that same inherent public safety concerns that would make it clear that applying the statute beyond the typical scope of the vehicle code is necessary. And I think there is a real concern to how the police would enforce 6210 in private areas if it applied throughout the state. If your honors have no other questions, Mr. Nance respectfully asks this court to vacate his conviction under 6210 of the Illinois Vehicle Code. Are there any other questions? No. No, thank you. Mr. Nicolosi, you may proceed. Thank you. Good afternoon, your honors. May it please the court, counsel. My name is Justin Nicolosi. I represent the state of Illinois in this matter. The state argues that 6303 and 6210 do not contain identical elements. Therefore, there is no violation of the proportion laws of the Illinois Constitution. The defense is attempting to impart a word into 6210 that simply does not exist. In 6303, it clearly says that it's prohibiting driving while revoked or suspended on the highways of the state. 6210 does not say anything about highways. All it says is that a motorist shall not operate a motor vehicle in this state. It doesn't say the highway. As my brief, I think, pretty clearly emphasizes that there are published opinions in Illinois that indicate that the in other statutes and in 6303. In Erickson, of course, that was a DUI case and the statute at that time read prohibiting driving under the influence on highways and elsewhere in the state or acknowledged that by saying elsewhere in the state, it was that the legislature was taking not just on highways, but everywhere. In Kozak, that was a 6303 case that even cited Erickson. In that case, that was driving in a parking lot of a grocery store, which was not a public highway or a public space. The court agreed with the defendant who had argued, hey, this says 6303 just says highways shouldn't apply in a parking lot. The court agreed with him in that case. In Montelongo, that talked about implied consent on public highways. Again, there was no expanding of the location of this prohibited conduct like in Erickson. So the state submits that Erickson and Kozak and Montelongo, they all show that the words chosen by the legislature have meaning. The legislature uses highways in 6303, does not use highways in 6210. It's law has established that there is a distinction when highways is used, when it is not expanded further. 6210 is more broadly written, talking about driving elsewhere. 6303 is narrowly tailored by using just the phrase highways. There's a reason the legislature used that. And because that term is in 6303, not in 6210, these cases, these statutes do not have identical arguments. Therefore, the defendant's argument, it was rejected below state submits. It must fail for the same reason right now. That's basically the first half of this case. The second half is whether or not, as Justice Brennan alluded to, whether or not 6210 is a penal statute or an advisory statute. The state submits, the state agrees with Justice Brennan's question. Well, I shouldn't say agreed with the question. There are no published cases that 6210 has been used as a penal statute. As counsel mentioned in her motion to add authority and mentioned today, there have been a couple of cases, one in Will and one in Cook County, where the defendant was charged with that under 6210. The state acknowledges that, but that has not been flushed out on appeal. This specific issue apparently has never been discussed in a court of review. So I don't think the fact that there have been a couple of cases in counties where 6210 was used as a charging device, I don't think it's definitive on the subject whatsoever. The state would point to the cases of SAS and CLAWB, as I do in my brief, talking about how basically 6210 fits in the statutory scheme, which basically gives drivers advice on their status, their license status, their driving status. As CLAWB and SAS say, when you are basically, if you have a foreign license and you don't get your license through the proper channels, you are able to be charged with 6303. Those cases don't say that you could be charged with 6210. So the state is relying on its brief for the authority cited that 6210 is more informative and advisory than it is criminal. And for that reason, the state would also argue in the fact. So the state submits that this court should affirm the trial court's decision below and reject the defendant's arguments. Are there any questions on anything I said? I'd be happy to answer them. Seeing none. Thank you, Mr. Nicolosi. Counsel, any rebuttal? Yes. Thank you, Your Honor. I would agree with the state that words chosen by the legislative have meaning. And here, the word that's very important in 6210 and 6303 is revocation. So under the definition of revocation, it is the termination of a person's license or privilege to operate a vehicle on the clearly intended for both those statutes to be limited to specifically the public highways. Just like in Erickson, the legislator can expand the applicability of a statute through other provisions. Here, the legislator limited 6210 to the public highways by the term revocation. And as I discussed in my earlier in Erickson, we saw that the legislator knows the appropriate language to apply statute to semi-private areas using elsewhere throughout the state. Here, the legislator just used in the state for 6210. So it's clear. Can I just interrupt? 6210 does speak to revocation, but it also speaks to suspensions. And suspensions only apply to highways, and they definitely don't apply anywhere else in the state. Doesn't that undercut the argument you just made about 610 or 6210? No, Your Honor. So the same analysis for revocations also applies for suspensions. When you agree suspensions don't apply anywhere except the public highways in the state of Illinois. Yes, Your Honor. Suspensions only apply in the public highways. And 6303 as well applies to drivers who are revoked and suspended. So they're both limited to the public highways. And the legislators... But 303 is not limited to... Sorry, revocations are not limited to... I apologize. Let me get this... Let me take a step back. Actually, I'm going to pull my question. I apologize. Keep going. Thank you. So to basically kind of sum up this first half of the argument, the legislature was clear by using the term revocation in 6210 and 6303 that they wanted both provisions to apply only to the public highways. And to turn towards the argument on whether or not 6210 is a petty offense versus a regulatory offense, Justice Brennan, you asked me about if the 6210 has been charged and addressed in a published order. I would argue that it's unlikely that there's... The reason why 6210 has not been addressed in a published order is because it is a petty offense. So it's unlikely for the state to charge it over 6303, which carries a higher penalty provision. And if an individual is charged and convicted under 6210, the likelihood of them appealing is low because it is a petty provision with only a fine of up to $500. And as I noted also in earlier my argument, there's no regulatory or advisory language in 6210. It prohibits a specific conduct by saying, you shall not drive if you are revoked in Illinois. It doesn't indicate to any drivers the methods that you can take to reobtain your license or be able to legally drive after you've been revoked. The two methods being section 6208 or the driver's license conduct. It's not even clear under 6210 if you have a foreign license whether or not you're able to drive because due to the driver's license compact, for majority... Oh, I... You can keep going. For majority of the states in the driver's license compact, if you obtain a license in that state, then you are no longer revoked in Illinois. For five of the states, if you obtain a license there, then you are still considered revoked in Illinois. However, because of the driver's license register, the likelihood of you obtaining a license after being revoked in Illinois is very low because those five states can access your driving history. So they are more likely to be unwilling to provide you a license. And 6210 does not make this clear. It just states you are no driving while having a foreign license in its title. So there's nothing in 6210 that really provides any information to drivers that makes it clear what they're able to legally do when they're revoked in Illinois or what the other questions. No. No. Okay. Do you want to finish up or have you finished? Yes, your honor. I just want to briefly state my relief. I would ask that you vacate Mr. Nance's conviction for driving while revoked under section 6303. Thank you. We thank both of you for your arguments this afternoon. We'll take the matter under advisement and we'll issue a written decision as quickly as possible.